[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16102

_____

D.C. Docket No. 04-02939-CV-HS-E

LAURA CLEMONS,

                                        Plaintiff-Appellant,

                        versus

ALABAMA DEPARTMENT OF
HUMAN RESOURCES, Child Support Division,
WILLIAM FULLER, Former Commissioner,
in his official and individual capacity,
PAGE WALLEY, in his official capacity,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 23, 2006)**

Before CARNES and MARCUS, Circuit Judges, and JORDAN,[*] District Judge.

_____

[*]Honorable Adalberto J. Jordan, United States District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

In deciding to enter summary judgment in favor of the defendant on the Title VII retaliation claim, the district court applied our circuit law requiring that the plaintiff establish an adverse employment action as an element of such a claim. Since then the Supreme Court has issued its decision in <u>Burlington Northern & Santa Fe v. White</u>, 126 S.Ct. 2405 (2006), which changes the law that must be applied in this circuit. Without implying how the issue should be decided, we think it best to allow the district court in the first instance to address the Title VII retaliation claim in light of the <u>Burlington Northern</u> decision.

Accordingly, the judgment in this case is VACATED in its entirety and the case is REMANDED with instructions that the district court should reconsider its decision of the Title VII retaliation claim in light of <u>Burlington Northern & Santa Fe v. White</u>, 126 S.Ct. 2405 (2006).